# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00105-MR

| | |
|---|---|
| RAVENSAFE, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NEXUS TECHONOLOGIES, INC., ) <br> EDWARD PRATHER, DANIEL CONTI, ) <br> and CHARLES GARDEN, ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss for Failure to State a Claim [Doc. 8].

## I. PROCEDURAL BACKGROUND

On April 2, 2019, the Plaintiff RavenSafe, LLC ("Plaintiff"), filed this civil action against the Defendants Nexus Technologies, Inc. ("Nexus"), Edward Prather ("Prather"), Daniel Conti ("Conti"), and Charles Garden ("Garden" and collectively "Defendants") for patent infringement pursuant to 35 U.S.C. § 271. [Doc. 1]. Specifically, the Plaintiff claims that the Defendants are liable for direct and indirect infringement on the 9,865,903 ("the '903 Patent"), and the 10,084,213 Patents ("the '213 Patent" and collectively "the Patents"), in violation of 35 U.S.C. § 271. [Id. at ¶¶ 57-99, 100-31].

The Defendants now seek the dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Plaintiff's Complaint fails to state claims upon which relief can be granted. [Doc. 8, 9]. The Plaintiff has filed an opposition to the Defendants' motion, [Doc. 12], to which those defendants have replied [Doc. 13].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id.

In reviewing the complaint, the Court must accept the truthfulness of all factual allegations but is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) see also Twombly, 550 U.S. at 555 (A complaint containing mere "labels and

conclusions" or a "formulaic recitation of the elements of a cause of action will not do.").

Determining whether a complaint states a plausible claim for relief is "a context-specific task," Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), which requires the Court to assess whether the factual allegations of the complaint are sufficient "to raise the right to relief above the speculative level," Twombly, 550 U.S. at 555. As the Fourth Circuit has explained:

> To satisfy this standard, a plaintiff need not forecast evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements. Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is probable, the complaint must advance the plaintiff's claim across the line from conceivable to plausible.

Walters, 684 F.3d at 439 (citations and internal quotation marks omitted).

## III. FACTUAL BACKGROUND

Taking the well-pleaded factual allegations of the Complaint as true, the following is a summary of the relevant facts.[1]

---

[1] In reciting the relevant factual allegations, the Court has disregarded all "bare legal conclusions" asserted in the Complaint, see Aziz, 658 F.3d at 391, as well as "[t]he mere recital of elements of a cause of action," see Walters, 684 F.3d at 439. The Court has also disregarded any additional facts contained in Exhibit A attached to the Defendants' motion because consideration of those facts would convert the motion to dismiss into a motion for summary judgment. Fed R. Civ. P. 12(d); see also Alvarez-Soto v. B. Frank Joy, LLC, 258 F. Supp. 3d 615, 623 (D. Md. 2017).

On January 9, 2018, the United States Patent and Trademark Office ("PTO") issued the '903 Patent to Unlimited Power, LTD. [Doc. 1 at ¶ 18]. On September 25, 2018, the PTO issued the '213 Patent to Unlimited Power, LTD. [Id. at ¶ 22]. In November 2018, Unlimited Power, LTD assigned all rights, title, and interest in the Patents to the Plaintiff, then legally named and known as Backup Bridge LLC. [Id. at ¶¶ 20-21, 23-24]. The Plaintiff is the current owner of the Patents. [Id. at ¶¶ 2-3].

Nexus competes with the Plaintiff by designing and offering similar types of goods. [Id. at ¶ 125]. Defendants Prather, Conti, and Garden direct and control Nexus's actions and serve as its Chief Executive Officer, President and Chief Operating Officer, and Chief Financial Officer, respectively. [Id. at ¶¶ 9-14]. Nexus owns and controls the domain name nexus-tech.net (the "Website"). [Id. at ¶ 26]. In late 2018 or early 2019, the Defendants modified the Website to include a description and pictures of a specialty product called "the kWAD." [Id. at ¶ 28; Doc. 1-3]. The Website says that the kWAD is "the most dependable & portable military-grade power-on-demand storage device available." [Doc. 1 at ¶ 28; Doc. 1-3]. The Website also says that the kWAD is "designed and manufactured in the USA." [Doc. 1-3].

The Plaintiff's Complaint alleges that several of the kWAD's features detailed on the Website infringe on Claim 1 of the Patents. [Doc. 1 at ¶¶ 58, 101]. The Complaint also alleges that the kWAD "is being made, used sold, offered for sale or imported" without authorization or a license. [Id. at ¶¶ 31-32]. The Complaint further alleges that the Defendants have had knowledge and notice of the Patents, and their infringement on them, since at least January 9, 2019. [Id. at ¶ 88-91, 120-23]. Finally, the Complaint alleges that the Defendants have continued to engage in their infringing activities despite being notified about their infringement on the Patents. [Id. at ¶¶ 98, 130].

## IV. DISCUSSION

The Defendants claim that their motion should be granted for three reasons. First, they argue that the Complaint fails to adequately allege how the kWAD directly infringes the Patents. [Doc. 9 at 1]. Second, they argue that the Complaint fails to adequately allege how they have indirectly infringed on the Patents. [Id. at 1-2]. Third, the Defendants argue that the Complaint fails to adequately allege how they have willfully infringed the Patents. [Id. at 2]. The Court addresses each of these arguments in turn.

### A. Direct Infringement

The Defendants argue that the Plaintiff's claims for direct infringement should be dismissed because the Plaintiff's Complaint fails to plausibly

explain how the kWAD meets "each element of claim 1 of each of the Asserted Patents." [Id. at 8].

"'[T]he Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met.'" Nalco Co. v. Chem-Mod, LLC, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1335 (Fed. Cir. 2012)).  The complaint "need not even identify which claims it asserts are being infringed."  Bill of Lading, 681 F.3d at 1335. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'"  Disc Disease Sols. Inc. v. VGH Sols., Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007).

The Defendants cite Edge-Works Mfg. Co. v. HSG, LLC, 285 F. Supp. 3d 883, 892-93 (E.D.N.C. 2018), to assert that a direct infringement claim can only survive a motion to dismiss if it meets every element of a patent claim.  That case, however, was before the Court on a motion for preliminary injunction, which has a different and more-stringent standard of review than the motion to dismiss standard that is relevant here.  To survive a motion to dismiss, a complaint alleging direct infringement simply "must place the potential infringer on notice of what activity is being accused of infringement,"

and does not have to "plead facts establishing that each element of an asserted claim is met." Nalco Co., 883 F.3d at 1350.

Here, the Complaint specifically identifies the kWAD as the infringing product. [Doc. 1 at ¶¶ 29-30]. The Complaint specifically alleges that the kWAD infringes on Claim 1 of each Patent, [id. at ¶¶ 58, 101], and provides descriptions, [id. at ¶¶ 61-87, 101-119], and images, [id. at ¶ 28, Ex. C], to show how the infringement occurs. As such, the Complaint alleges sufficient facts to state a claim for relief that is plausible on its face and place the "potential infringer on notice of what activity is being accused of infringement." Nalco Co, 883 F.3d at 1350. The Complaint does not need to allege that the kWAD infringed on every element of Claim 1 at this stage. See id.; Disc Disease, 888 F.3d at 1260. Therefore, the Defendants' motion to dismiss the Plaintiff's direct infringement claims will be denied.

### B.    Indirect Infringement

The Defendants argue that the Plaintiff's claims for indirect infringement should be dismissed because the Complaint fails to allege direct infringement by a third-party. [Doc. 9 at 12-16].

A party indirectly infringes a patent via inducement if it "actively induces infringement of a patent." 35 U.S.C. § 271(b). To show indirect infringement, the Plaintiff must show that (1) another person infringed on the Patents; (2)

7

the alleged inducer knew about the Patents, and (3) the Defendants nevertheless knowingly induced the other person's infringing acts with the specific intent to encourage infringement by that person.  See Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009).  To survive a motion to dismiss, a complaint must plead "facts sufficient to allow an inference that at least one direct infringer exists."  Bill of Lading, 681 F.3d at 1336.  A direct infringer is one who "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent."  35 U.S.C. § 271(a).

    The Complaint alleges that the Defendants "indirectly infringe all the Asserted Patents by instructing, directing, and/or requiring others, including its customers, purchasers, users, and developers, to make, use, sell, offer for sale, or import the kWAD,"  [Id. at ¶ 56], and that the "Defendants have, directly and/or indirectly, infringed and continue to infringe at least one claim of the '903 Patent . . . by making, using, or offering for sale the kWAD product within the United States that is covered by one or more claims of the of the [sic] '903 Patent."  [Id. at ¶ 87].

    The Complaint alleges that the Website states that the "kWAD is the most dependable and portable military-grade power-on-demand storage

device *available*," [Doc. 12 at 13 (emphasis in original)], and that that the "kWAD *is designed and manufactured* in the USA." [Doc. 12 at 13 (emphasis added)]. According to the Plaintiff, the Website's two statements can be read together to infer that "the kWAD is available" currently and has been "designed and manufactured in the USA." [Id. at 13]. As such, the Plaintiff has alleged that there exist parties who are using, developing, and making the accused product, and are thus directly infringing. [Doc. 1 at 7]. That is all the Plaintiff must do to survive a motion to dismiss, since "a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." Bill of Lading, 681 F.3d at 1336.

Moreover, the Plaintiff alleges sufficient facts to reasonably infer that the Defendants (1) were aware of the Patents, (2) knew that any third-party who used, developed, or made the kWAD would infringe the Patents, and (3) induced those infringing acts by a third-party with the specific intent to encourage infringement despite that knowledge. See Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009); [Doc. 1 at 31, 39-40].

Taking these allegations in context, and drawing all reasonable inferences in favor of Plaintiff, the Plaintiff has made sufficient allegations

9

regarding their indirect infringement claim. As such, Defendants' motion to dismiss the Plaintiff's indirect infringement claims will be denied.

## C. Willful Infringement

The Patent Act provides the court "may increase the damages up to three times the amount found or assessed," in certain infringement cases. 35 U.S.C. § 284. The Supreme Court has long described § 284 as providing for such enhanced damages in cases involving "willful or bad-faith infringement." Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 508 (1964); see also Dowling v. United States, 473 U.S. 207, 227 n.19 (1985) (noting enhanced damages recoverable for "willful infringement"); Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank, 527 U.S. 627, 648 n.11 (1999) (describing enhanced damages under § 284 as "punitive" in nature); Beatrice Foods Co. v. New England Printing & Lithographing Co., 923 F.2d 1576, 1578 (Fed. Cir. 1991) (noting that enhanced damages were traditionally "premised on willful infringement or bad faith").

"The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." Halo Elecs., Inc. v. Pulse Elecs., Inc., 136 S. Ct. 1923, 1933 (2016). In fact, "subjective willfulness alone -- i.e., proof that the

defendant acted despite a risk of infringement that was either known or so obvious that that it should have been known to the accused infringer - can support an award of enhanced damages." WesternGeco LLC v. ION Geophysical Corp., 837 F.3d 1358, 1362 (Fed. Cir. 2016) (internal citations omitted), rev'd on other grounds, 138 S. Ct. 2129 (2018) (assessing the extraterritorial reach of U.S. patent laws).

According to the Complaint, the Defendants have known about the Patents, and their infringement on those Patents, since at least January 9, 2019. [Doc. 1 at ¶ 88-91, 120-23]. The Complaint further alleges that the Defendants have continued to engage in their infringing activities even though they knew about the Patents and their potential infringement on them. [Id. at ¶¶ 98, 130].

The Complaint's allegations create a reasonable inference that the Defendants knew about the Patents when they committed the infringing actions. As such, the Complaint alleges sufficient facts to support a plausible claim for increased damages under 35 U.S.C. § 284. Therefore, the Defendants' motion to dismiss the Plaintiff's willful infringement claims will be denied.

# ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss for Failure to State a Claim [Doc. 8] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 20, 2019

Martin Reidinger
United States District Judge